The Honorable John Burris State Representative
923 West Prospect Avenue Harrison, Arkansas 72601-3261
Dear Representative Burris:
This is in response to your request for an official opinion on the following questions:
 1. Does the Health Care Reform Legislation passed by the U.S. House of Representatives (HR 3590) violate the U.S. Constitution?
 2. Does the HR 3590 violate the Tenth Amendment and thereby infringe on the sovereignty of the state of Arkansas?
 3. Can the federal government purportedly acting under the Commerce Clause of the U.S. Constitution mandate citizens of the State of Arkansas to procure and carry health insurance coverage and then fine or tax them in the event they do not comply?
 4. Is this mandate by the federal government not in violation of the Ninth Amendment to this U.S. Constitution denying or disparaging other rights retained by the people?
 5. Is there anything in the Arkansas law that precludes you, as Attorney General, from working with the other states that have indicated that they will file lawsuits challenging the constitutionality of the Health Care Reform Legislation? Will *Page 2 
your office coordinate and consult with these states to make certain that all legal objections to a law that is sure to cost taxpayers a lot of money are raised on behalf of the people of Arkansas?
RESPONSE
Your first four questions do not fall within the scope of an Attorney General opinion. I am required to advise members of the General Assembly and various state officials on questions ofstate law.[1] The opinion rendering function of this office does not ordinarily extend to questions of federal law, except as those questions involve or require the interpretation of state law.See Op. Att'y Gen. Nos. 2009-089; 2001-268; 2000-208; 99-290. Because your first four questions involve the application of purely federal law, I am unable to opine in response to these questions.[2]
The answer to the first part of your fifth, and final, question is "no." No state law precludes the Attorney General from working with other states to consider possible collective action on any particular legal matter. Collective action with other Attorneys General is potentially one manner of approaching a particular issue. But the decision on such collective efforts ordinarily depends upon my view of the merits of the legal arguments being raised. When the arguments appear to have little or no legal merit, it would be a waste of the State's resources to pursue that course of action.
The Attorney General is the attorney for the State of Arkansas and its officials, departments, institutions and agencies.[3] In representing the legal interests of the State or an agency, I have the authority and responsibility to use my judgment in deciding how best to proceed. Such a representation decision does not necessarily reflect the personal views of the Attorney General on any policy matter. It is simply the duty of the Attorney General and the office to provide legal *Page 3 
representation to agencies and officials, and this necessarily involves the exercise of judgment in certain matters.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/cyh
[1] A.C.A. § 25-16-706 (Repl. 2002).
[2] I will note, however, that in two previous opinions involving ballot titles submitted to my office pursuant to A.C.A. § 7-9-107 (Repl. 2000), I expressed concern that a voter initiated effort to preclude compulsory participation in a national health care program would be ineffective under federal preemption analysis. Op. Att'y Gen. Nos. 2010-013 and 2009-174. Please refer to the opinions for the analysis. It was necessary in those opinions to address the federal preemption question as part of the ballot title review required by section 7-9-107.
[3] A.C.A. §§ 25-16-702 and-703 (Repl. 2002).

 *Page 1